UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 19-cr-00043-01 |
| VERSUS | CHIEF JUDGE HICKS |
| CHRISTOPHER DONTA WILLIS (01) | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

DEA Task Force Officers Rick Anderson and Hank Haynes received information from a cooperating source (CS) that Christopher Donta Willis ("Defendant") was distributing methamphetamine in the Shreveport/Bossier area. The information led agents to ask a Louisiana state trooper to stop Defendant's vehicle if a traffic violation was observed. A traffic stop was made for following too closely. Defendant was arrested after he attempted to flee on foot.

Defendant is now charged with conspiracy to distribute narcotics, possession of narcotics with intent to distribute, unlawful transport of firearms, and possession of a firearm in furtherance of a drug-trafficking crime. Doc. 54. Before the court is Defendant's **Second Motion to Suppress (Doc. 66)**. For the reasons that follow, it is recommended that Defendant's motion be denied.

### Analysis

Defendant argues that the DEA agents failed to follow their own policies and procedures based on the DEA Agents Manual. He also argues that because the agents'

conduct "deviated so substantially" from the guidelines, the only equitable remedy is suppression of the evidence. Alternatively, Defendant asks the court to dismiss the indictment.

Defendant's motion lists several of the guidelines contained in the manual. Each guideline is followed by an allegation that "Defendant is not aware" of the requirement being met by the agents in this case. Defendant does not allege *any facts* to support his contention that the DEA agents deviated from the internal policies and procedures.

Defendant cites no authority for the proposition that the agents' alleged noncompliance (or, rather, Defendant's lack of knowledge regarding compliance) with the guidelines warrants punishment from this court in the form of suppression of evidence or dismissal of the indictment. Indeed, the Supreme Court has held that violations of agency regulations are not grounds for applying the exclusionary rule when a defendant does not show that his constitutional rights were violated. United States v. Caceres, 440 U.S. 741, 754-755 (1979); see also Woodard v. Los Fresnos Independent School Dist., 732 F.2d 1243, 1245 (5th Cir. 1984)(the failure of an agency to follow its own regulations is not per se a denial of procedural due process).

Defendant's bald assertions that he "is not aware" of the guidelines being met do not merit an evidentiary hearing, suppression of the evidence, or dismissal of the indictment. Accordingly,

It is recommended that Defendant's **Second Motion to Suppress (Doc. 66)** be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of September, 2019.

_____
Mark L. Hornsby
U.S. Magistrate Judge