UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 19-cr-00043-01 |
| VERSUS | CHIEF JUDGE HICKS |
| CHRISTOPHER DONTA WILLIS (01) | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Christopher Donta Willis ("Defendant") is charged by indictment with conspiracy to distribute narcotics, possession of narcotics with intent to distribute, unlawful transport of firearms, and possession of a firearm in furtherance of a drug-trafficking crime. Doc. 54. The charges arise out of a traffic stop. As a result of the stop, Louisiana state troopers discovered methamphetamine in Defendant's jacket pocket and in his vehicle. Defendant's home was then searched, and the troopers discovered additional drugs and a firearm. Two motions to suppress were timely filed and denied. Docs. 78 & 79.

Less than two weeks before a previously scheduled trial date, Defendant, who is now representing himself (Doc. 124), filed a 27-page handwritten **Motion for Franks Hearing (Doc. 148)** that alleged that the search warrant for his home was obtained as a result of the affiant making false statements and omissions. Neither of the Defendant's previous two attorneys raised any of the issues presented in the motion. A review of Defendant's allegations shows they are baseless. Defendant has not come close to making the preliminary showing needed to justify a Franks hearing. Accordingly, it is recommended that the motion be denied.

**Law and Analysis**

Under Franks v. Delaware, 438 U.S. 154 (1978), a search warrant is invalid if the defendant shows by a preponderance of the evidence that the supporting affidavit contained a false statement made intentionally or with reckless disregard for the truth and, after setting aside the false statement, the affidavit's remaining content is insufficient to establish probable cause. United States v. Ortega, 854 F.3d 818, 826 (5th Cir. 2017). This inquiry consists of three questions, all of which must be met. Id. First, does the affidavit contain a false statement? Second, was the false statement made intentionally or with reckless disregard for the truth? And third, if the false statement is excised, does the remaining content in the affidavit fail to establish probable cause? Id.

To obtain an evidentiary hearing on a Franks claim, Defendant must make a *substantial preliminary showing* that (1) the affiant's statement was deliberately false or demonstrated reckless disregard for the truth, and (2) the challenged statement or omission was essential to the magistrate's finding of probable cause. Franks, 438 U.S. at 155-56 and 171-72. "Even a defendant who makes a showing of deliberate falsity or reckless disregard for the truth by law enforcement officers ... is not entitled to a hearing if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." United States v. Dickey, 102 F.3d 157, 162 (5th Cir. 1996).

Defendant has failed to make the substantial preliminary showing required for a hearing. Defendant's motion and reply brief repeatedly allege the affiant made false

statements and omissions, but Defendant has not made a substantial preliminary showing that the key facts set forth in the affidavit are untrue:

- The Confidential Source (CS) contacted law enforcement officers on January 24, 2019, that the CS told the officers the Defendant was attempting to give him methamphetamine, or that the officers established surveillance afterwards.

- The CS contacted law enforcement officers the following day, January 25, 2019, and that surveillance was again established.

- Defendant was subjected to a traffic stop on January 25, 2019, that he ran from the police during the stop, and that he had approximately three ounces of methamphetamine in his pocket when he was caught and arrested.

- The person who was with Defendant that day was interviewed by law enforcement.

- The person interviewed provided the information summarized in the affidavit; specifically that the person was with the Defendant that day, overheard the Defendant engaged in a conversation believed to be about a future methamphetamine deal, and went to a residence with the Defendant where the Defendant stashed his methamphetamine supply.

- The person interviewed showed the agents the residence in question.

- An individual named Robert Jones was subjected to a traffic stop on January 25, 2019 and stated a black male known to him as "Chris" came by earlier in the day.

These facts are more than sufficient to provide probable cause to support a search warrant for the residence where the Defendant stashed his methamphetamine supply.

**The Alleged False Statements**

Defendant identifies what he contends are three false statements in the affidavit for the warrant. First, he says the statement that individuals obtained methamphetamine at the residence was false because the "[cooperating defendant] never confirmed the existence of methamphetamine in residence or in Mr. Willis [sic] possession. The cooperating defendant used extreeme ambigeous [sic] wording based off of the Affiant's report." Motion at 19.

The affidavit describes the Airline Drive traffic stop of Defendant and how he was found to have three ounces of methamphetamine in his pocket. Government's Exhibit 1, pg. 2 of 6. It then describes the interview of the individual who was with the Defendant at the traffic stop, who advised that he was with the Defendant earlier that day, overheard Defendant engage in a phone conversation he believed was about a future drug deal, heard the Defendant tell the person on the phone he would need to get "some more," went to a residence with Defendant, thought Defendant obtained a few ounces of methamphetamine from the residence, and after they left heard the Defendant say he "had a couple on him." Id. The individual advised that he and Defendant went to the CS's residence, but they left because the CS was arguing with his girlfriend; shortly afterwards the police stopped them on Airline Drive. Id. The affidavit then says that the individual agreed to show agents the residence where he and Defendant obtained the methamphetamine.

It appears that Defendant's objection here is that the affidavit should have described the residence as the place where the individual *thought* Defendant got methamphetamine, rather than saying it was where they got methamphetamine. In either event, the affidavit describes how methamphetamine was then recovered from Defendant's pocket during the ensuing traffic stop, which is not disputed. There is no showing of a false statement here, and certainly not one made intentionally or with reckless disregard for the truth.

The second statement that Defendant contends is false is a reference to a methamphetamine distribution organization. Defendant states that the affiant did not have any reliable or credible source for this information. Yet, the affidavit says that the CS contacted law enforcement and relayed information that Defendant resides in the Dallas, Texas area but distributes methamphetamine to several individuals in the Shreveport/Bossier area. Further, the individual who was interviewed described how he and Defendant traveled to an apartment in an effort to distribute methamphetamine to a white male, and further, that he overheard Defendant on a phone call he believed to be about a future drug deal. The affidavit contains ample support for using the phrase "methamphetamine distribution organization."

The third "false statement" identified by Defendant occurred when the affiant "clarified for the courts what he believed the cooperating defendant was referring to when he made his ambigeous [sic] assertions." But Defendant does not show that these "clarifications" are incorrect. It appears Defendant only objects that clarifications were made at all.

In summary, Defendant has failed to make a substantial preliminary showing that any of these alleged "false statements" were false, much less intentional or necessary to a finding of probable cause.

**The Alleged Omissions**

Throughout his motion, Defendant alleges that the affiant made various important omissions. But the "omissions" he complains of are immaterial, and there is no showing that any of the omissions were intended to mislead the court or would have vitiated probable cause.

First, Defendant complains that the affiant did not state that the CS was credible or reliable or include details such as how the CS knows the individual in question, prices that were discussed, previous drug transactions, and other details. But the affidavit only mentions the CS as relaying information to agents, who then took further steps to develop probable cause, such as conducting surveillance, receiving information regarding the traffic stop (after which Defendant fled on foot and was found to have three ounces of methamphetamine on him), and gaining information in an interview with another individual who was with Defendant that day. The affidavit does not rely solely on the statements of the CS to establish probable cause. Furthermore, law enforcement's surveillance and information from the co-defendant verified and corroborated information provided by the CS.

Second, Defendant claims that the affiant omitted details regarding the arrest of the individual who was interviewed, as well as details of his criminal history and drug use. But even if true, those "omissions" are irrelevant. None of the individual's information is

alleged to be false, and further, the affidavit shows the information provided was corroborated by the CS, the officer who conducted the traffic stop, and Robert Jones.

Third, Defendant appears to argue that officers illegally detained Robert Jones, and questioned him without <u>Miranda</u> warnings. Defendant has not offered any support whatsoever for this claim. In any event, Defendant does not have standing to raise this issue. <u>Rakas v. Illinois</u>, 439 U.S. 128 (1978).

Fourth, Defendant speculates that the affiant "made numerous references" from a report by TFO Matthew Hannah and made "alterations and omissions therefrom." But Defendant fails to mention that TFO Hannah's report was prepared on January 28, 2019, three days after the affidavit for the search warrant was prepared. It would have been impossible for the affiant to reference TFO Hannah's report for the affidavit or make any "alterations and omissions therefrom."

Finally, Defendant makes conclusory statements that the affiant acted in bad faith. However, Defendant has completely failed to make any showing of bad faith.

**Conclusion**

Defendant failed to make a substantial preliminary showing that the affidavit contains any false statements. Further, the "omissions" that Defendant cites are immaterial, and, even if true, do not vitiate probable cause. Finally, Defendant has not made any showing that the affiant intended to mislead the court or acted with reckless disregard for the truth. Accordingly,

It is recommended that the Motion for <u>Franks</u> Hearing (Doc. 148) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b).  A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections.  Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge